**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| **JUSTIN WIEDENMANN**, <br><br> Plaintiff, <br><br> vs. <br><br> **MOUNTAIN RUN SOLUTIONS, LLC,** <br><br> Defendant. | Case No.: <br><br> **COMPLAINT; 3:21-cv-5074** <br><br> FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692a, *et seq.*); <br><br> DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA").

## II. JURISDICTION

2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 U.S.C. § 1331.

## III. PARTIES

3. Plaintiff, Justin Wiedenmann ("Plaintiff"), is a natural person residing in Clark County, Washington.

COMPLAINT
Case No. 3:21-cv-5074

Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
(888) 247-4126 ext. 1

1

4. Defendant, Mountain Run Solutions, LLC ("Defendant"), is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 U.S.C. § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9. Falsely representing the amount, character or legal status of a debt, including continuing to report a debt owed only by Plaintiff's father to Plaintiff's credit report. The debt arose from unpaid alarm monitoring services at a location other than the location at which Plaintiff agreed to be responsible for charges in an original contract dating back to 2009. The original 2009 agreement was limited in scope to the location at which the alarm was located, and therefore a new agreement applied to the subsequent location where Plaintiff's father moved and transferred the service. Plaintiff is not responsible in any way for service charges owed by Plaintiff's father for services provided at the subsequent location. Defendant notified Defendant of the facts that determine he does not owe the debt, but Defendant thereafter willfully decided to continue collecting a debt that he did not owe by, *inter alia,* making negative reports to Plaintiff's credit report (15 USC 1692e(2)(A)).

10. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and

COMPLAINT
Case No. 3:21-cv-5074

Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
(888) 247-4126 ext. 1

2

severe emotional distress.

11. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

12. Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

13. To the extent Defendant's actions, detailed in paragraphs above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## **COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

15. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 U.S.C. 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

COMPLAINT
Case No. 3:21-cv-5074

Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
(888) 247-4126 ext. 1

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 28th day of January, 2021

By: s/Joshua Trigsted
Joshua Trigsted, WSBA#42917
Attorney for Plaintiff

COMPLAINT
Case No. 3:21-cv-5074

Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
(888) 247-4126 ext. 1